IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BARBARA HUNT WHITE                                              PLAINTIFF

vs.                                Civil No. 4:10-cv-04058

MICHAEL J. ASTRUE                                          DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Barbara Hunt White ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 3.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed applications for DIB and SSI on October 23, 2007.  (Tr. 8, 107-115).  In these applications, Plaintiff alleged she was disabled due to back problems and a pulled muscle.  (Tr. 130).  At the administrative hearing on August 12, 2009, Plaintiff also referenced her mental problems including "crying spells" and "worry."  (Tr. 42).  Plaintiff alleged an onset date of October 15, 2007.  (Tr. 8, 107-115, 130).  These applications were denied initially and upon reconsideration.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

(Tr. 54-59).

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 83-106). An administrative hearing was held on August 12, 2009 in Texarkana, Arkansas. (Tr. 16-53). Plaintiff was present and was represented by counsel, Charles Barnett, at this hearing. *Id.* Plaintiff, Vocational Expert ("VE") Charles Turner, and a witness for Plaintiff testified at this hearing. *Id.* On the date of this hearing, Plaintiff was fifty-eight (58) years old, which is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2008), and had completed the ninth grade in high school. (Tr. 20). Plaintiff was also a Certified Nurse's Assistant ("CNA"). (Tr. 20).

On September 23, 2009, the ALJ entered an unfavorable decision denying Plaintiff's applications. (Tr. 8-15). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2012. (Tr. 10, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 15, 2007, her alleged onset date. (Tr. 10, Finding 2). The ALJ determined Plaintiff had the following severe impairments: obesity, neck problems, fibromyalgia, connective tissue disorder, and polyarthralgia. (Tr. 10-12, Finding 3). The ALJ also determined, however, that none of Plaintiff's impairments met the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 12-15, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

2

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift/carry 50 pounds occasionally and 25 pounds frequently; walk/stand 6 hours and sit 6 hours in an 8-hour day; and occasionally stoop, bend, crouch, crawl, kneel, and reach overhead.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 15, Finding 6). The ALJ determined Plaintiff's PRW included work as a CNA and a mental retardation aide. *Id.* Based upon her RFC, the ALJ determined Plaintiff retained the ability to perform her PRW as both a CNA and as a mental retardation aide. *Id.* In accordance with that finding, the ALJ then determined Plaintiff had not been under a disability, as defined by the Act, from October 15, 2007 through September 23, 2009, the date of his decision. (Tr. 15, Finding 7).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 4). *See* 20 C.F.R. § 404.968. On March 30, 2010, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On May 3, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on May 5, 2010. ECF No. 3. Both Parties have filed appeal briefs. ECF Nos. 6-7. This case is now ready for decision.

## 2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported

3

a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160

F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ erred by finding her mental impairments were non-severe and (2) the ALJ erred in evaluating her RFC. ECF No. 6 at 1-6. Because this Court finds the ALJ erred by determining her depression and anxiety were non-severe, this Court will only address Plaintiff's first argument for reversal.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment is a low or *de minimis* standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In the present action, Plaintiff referenced her depression and anxiety at the administrative

hearing in this matter. (Tr. 41-42). Although Plaintiff did not specifically state these problems were *disabling*, her allegations were sufficient to raise this issue:

> Q: All right, the Judge earlier in, in his questioning of you, referred to 9-F which was Dr. Wood. Dr. Wood's finding is of depressing, depressive disorder, generalized anxiety disorder, also mentions pain in the back, joint and legs which is what you've talked about, but would you explain to the Judge what kind of psychological and mental problems you're having?
>
> A: I have a mental problem, crying –
>
> Q: Do you have crying spells?
>
> A: – spells and I worry a lot.
>
> Q: What do you worry about?
>
> A: I don't know, I just worry, I guess, I just, I don't have no way of taking care of myself and –
>
> Q: All right. Okay.

*Id.*

Despite the fact Plaintiff raised the issue of whether her mental impairments were disabling, the ALJ found Plaintiff only suffered from the following severe impairments: obesity, neck problems, fibromyalgia, connective tissue disorder, and polyarthralgia. (Tr. 10, Finding 3). In making this finding, the ALJ determined Plaintiff's depression and anxiety were non-severe and did not meet the low or *de minimis* standard as articulated by the Eighth Circuit and the U.S. Supreme Court. That determination was in error. While these impairments may not necessarily be *disabling,* the medical evidence demonstrates Plaintiff's depression and anxiety cause more than *slight abnormalities,* which is all that is required for an impairment to be considered "severe."

For example, Plaintiff underwent a consultative examination for her alleged mental impairments on May 12, 2008. (Tr. 304-312). This examination was completed by Julia M. Wood,

Ph.D. *Id.* As a part of this examination, Plaintiff was assessed as having depressive disorder, not otherwise specified, and generalized anxiety disorder. (Tr. 310). Based upon this assessment, Plaintiff was found to have a Global Assessment of Functioning ("GAF") score of 40, which indicates Plaintiff suffers from very severe symptoms.[2] *Id.* Such an impairment qualifies as more than a slight abnormality. Accordingly, because the ALJ should have found Plaintiff's depression and anxiety were severe impairments, this case must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 22nd day of July, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[2] A GAF score of 31-40 is evidence of "[s]ome impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home, and is failing at school"). *DSM-IV-TR* 34 (4th ed. 2000).